## SUPREME COURT.

O'BRIEN agt. THE CHICAGO, ROCK ISLAND AND PACIFIC RAIL-
ROAD COMPANY and others.

MUSGRAVE agt. Same.

GATES agt. Same.

Where a foreign railroad corporation issue new and additional certificates of stock and sell the same in the market, which stock, under our laws, would be considered spurious, and the certificates thereof void, as issued *ultra vires*, and the sales of which this court, in an action by a citizen of this state as a stockholder of said corporation, would restrain by injunction, will nevertheless be controlled by the laws of the states under which such corporation is created; and where such states by their laws ratify and decide such stock to be legal and valid, this court will refuse to interfere by injunction.

*New York Special Term, at Chambers, August,* 1868.

THE plaintiffs in these causes sued as holders of the original stock of the Chicago, Rock Island and Pacific Railroad Company, a corporation formed and existing under the laws of Illinois and Iowa. The complaints were substantially like those in the previous cases of Fisk and other plaintiffs, last above reported. The plaintiffs now moved for the appointment of a receiver of the proceeds of the 49,000 new shares of stock issued and sold by the executive committee of the company. The defendants also moved to dissolve the preliminary injunctions restraining the use of such proceeds. It appeared, among other things, that the former suits had been discontinued; that the legislature of Iowa had passed an act fully confirming the issue of the 49,000 shares of stock; and that the supreme court of Illinois, in an action brought by the attorney general of Illinois against the company, had decreed that such issue was legal and valid; and also, that while the former actions were sustained by the petition of a majority of the stockholders, the

present actions were opposed by a large majority, about three-fourths in amount, of all the stockholders.

All the motions were heard together.

> Mr. WINGATE, E. W. STOUGHTON and L. R. MARSH, for the plaintiffs.
> C. TRACY and W. FULLERTON, for the defendants.

CARDOZO, J. If these cases presented only similar circumstances to those which existed when the cases of Fisk, Fanshawe and others (which have since been discontinued) were decided, of course I should make the same disposition of them as I did of those cases, my confidence in the accuracy of the views I then expressed not only being undiminished, but being sustained by the unanimous judgment of the general term.

The corporation defendant here is subject to the jurisdiction of the states of Iowa and Illinois, and by the laws of those states its powers must be tested. The former state had ratified the action of the defendant when the other cases came before me; and now a decision of the courts of Illinois, which I feel bound to respect as an authoritative disposition of the law of that state, is cited, showing that the acts of this corporation, though they would not be within its power according to our law, are so according to the law of the state of Illinois. No decision of that state bearing upon the point existed when the other cases were argued. This puts the present applications in an entirely different position from that which the previous cases occupied, and necessitates that the injunctions should be dissolved and the motion for receiver denied; a conclusion which I reach the more willingly from the circumstance that a large proportion of the stockholders, instead of, as on the argument of the previous cases, asking that the injunctions be continued and a receiver appointed, now elect to ratify the acts of the

corporation and its officers, and ask that the injunctions be dissolved.

The motion for receiver must be denied and the injunctions vacated, without costs, and, under the circumstances, the plaintiffs must have leave to discontinue these suits, without costs, if they desire.

The vacating of the injunctions will render any action upon the petition in the cases of Fisk, &c., unnecessary.